86  613|
157a  708|

CHARLES W. STRADER, Respondent, *v.* THE NEW YORK, LAKE ERIE AND WESTERN RAILROAD COMPANY. Appellant.

*Agreement between several railroad companies as to the maintenance of the road used by each and the pay of the employees — negligence of a fellow-servant.*

The New York, Lake Erie and Western Railroad Company, lessee of the Goshen and Deckertown railroad, granted to the Pennsylvania, Poughkeepsie and Boston Railroad Company the right to use the railroad track of the Goshen road jointly with the Erie road under an agreement which provided that during its continuance the Boston road should pay the Erie a stipulated proportion of the rental of the Goshen road, and of the expense of maintaining the tracks, bridges

and property used jointly, including the wages of the yardmaster, switchmen, train dispatchers, flagmen and other servants; that the railroads and premises included under the agreement should be maintained and operated under the control of the superintendent of the Erie company, who, in matters relating to the maintenance of property, should be under the exclusive direction of the Erie company.

The agreement further provided that as the employees conducting the business were joint employees, and were paid by each party in proportion to the business done by it, it was agreed that each party should be responsible for the acts of such joint employees when engaged in that party's business; and, finally, that the Erie company should incur no additional responsibility from the fact that such employees were hired or paid by it.

An engineer employed by the Boston company having been injured, as alleged, by the negligence of a switchman employed on the Goshen road, brought an action for damages against the Erie company and recovered.

*Held,* that the agreement gave to the Boston company only the right to use the tracks of the Goshen road, and devolved upon the Boston company no duty to maintain the tracks;

That the switchman was, under the agreement, the employee of the Erie company only, and that, therefore, the defense that the injury was caused by the act of a fellow-servant was not tenable.

APPEAL by the defendant, The New York, Lake Erie and Western Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Orange on the 7th day of July, 1894, upon the verdict of a jury rendered after a trial at the Orange Circuit, and also from an order granted on the 22d day of June, 1894, denying the defendant's motion for a new trial made upon the minutes.

*Lewis E. Carr,* for the appellant.

*O'Neill & Royce,* for the respondent.

BROWN, P. J. :

This action was to recover damages for personal injuries alleged to have been caused by the defendant's negligence. The plaintiff was a locomotive engineer employed by the Pennsylvania, Poughkeepsie and Boston Railroad Company, and was injured while running a train over the defendant's road near Orange Farm station. The accident was caused by an open switch, which permitted the plaintiff's train to leave the main track and the engine to be thrown down an embankment.

The testimony introduced by the plaintiff permitted the conclusion by the jury that a short time prior to the accident the man who had charge of the switch had been engaged in making some repairs upon it and that he had left it open, and the ground mainly relied upon by the appellant for a reversal of the judgment, and the only one which we deem it necessary to consider, is, that the switchman was a co-employee with the plaintiff, and for that reason the court erred in denying a motion to dismiss the complaint.

The accident occurred upon the Goshen and Deckertown railroad, which extended from Goshen to Pine Island in the county of Orange.  This road was leased to defendant and was used by the Poughkeepsie and Boston company under and pursuant to an agreement with the defendant, and the validity of the ruling of the trial court depends upon the construction to be given to this agreement. It bears date August 2, 1889, and granted to the Boston company " the right to use  *  *  *  the railroad tracks of the Goshen and Deckertown Railroad " jointly with the defendant.  It provided that during the continuance of the agreement the Boston company should pay to the defendant a stipulated proportion of the rental of the road, the expense of maintaining and renewing the tracks, bridges and property used jointly by the two companies, including the wages of yardmaster, switchmen, train dispatchers, flagmen and other servants.  It further provided that " the railroads and premises included hereunder shall be maintained and operated under the control of the superintendent of the Erie company " who in matters pertaining to the maintenance of the property was to be under the exclusive direction of the Erie company.   " The employees engaged in conducting the business hereunder, being joint employees and being paid by each party in proportion to the business done by such party, it is agreed that each party hereto shall be responsible for the acts of such joint employees when engaged in that party's business. And  *  *  *  the Erie company shall incur no additional responsibility from the fact that such employees are hired or paid by it."

We are of the opinion that under this agreement the switchman or trackwalker who had the charge and care of the switch in question was not the servant of both companies.   He was hired and paid by the defendant, and was under the exclusive direction of its

superintendent. The Boston company had no voice in his selection, and could neither discharge him nor direct him in his work. The provision of the contract, that each company should be responsible for the acts of the employees only when engaged in such company's business, had no relevancy to the accident to the plaintiff. The Boston company had no control over the maintenance of the road. That duty devolved, under the contract, solely upon the defendant. The sole right which the Boston company had was a right to use the tracks. The control of the road and the maintenance of the tracks and their charge and control remained in the defendant. The switchman was its servant, and for damages resulting from his negligence the defendant was liable.

The judgment must be affirmed, with costs.

DYKMAN, J., concurred; CULLEN, J., not sitting.

Judgment affirmed with costs.

---

NOTE.— The other cases of this term will be found in the next volume, 87 Hun.— [REP.